**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SARAH N. WOODS**                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.:** _3:22-cv-327-KHJ-MTP

**STATE FARM FIRE AND CASUALTY**
**INSURANCE COMPANY AND RYAN**
**LYNCH, AGENT**                                                    **DEFENDANTS**


**NOTICE OF REMOVAL**

**TO:    The Honorable District Judges and Clerk of the United States District Court for the**
**Southern District of Mississippi, Northern Division**

**The Honorable Judges and Clerk of the Circuit Court of Lauderdale County, MS**

**J. Richard Barry, MSB #2077**
**Barry, Thaggard & May, LLP**
**P.O. Box 2009**
**Meridian, MS 39302-2009**

PLEASE TAKE NOTICE that Defendants, State Farm Fire and Casualty Company

(hereinafter "State Farm"), improperly identified as "State Farm Fire and Casualty Insurance" and

Ryan Lynch  (hereinafter "Lynch") have filed this Notice of Removal, as required by law and

styled *Sarah N. Woods v. State Farm Fire and Casualty Insurance and Ryan Lynch, Agent,* bearing

Cause Number 22-CV-060 (CW) on the docket of the Circuit Court of Lauderdale County,

Mississippi, from that Court to the United States District Court for the Southern District of

Mississippi, Northern Division, by and through undersigned counsel, pursuant to 28 U.S.C. §§

1332, 1441, 1446, and pursuant to Fed. R. Civ. P. 12(b)(6) move for dismissal of claims against

the improperly joined Defendant, Lynch, and would respectfully show unto the Court as follows:

1.      On or about April 14, 2022, Plaintiff, Sarah N. Woods, by and through her attorneys of record, filed her Complaint in the Circuit Court of Lauderdale County, styled *Sarah N. Woods v. State Farm Fire and Casualty Insurance and Ryan Lynch, Agent,* bearing Cause Number 22-CV-060 (CW) hereinafter referred to as the "State Court action." *See* Complaint attached hereto as Exhibit A. A complete copy of the entire case file of the State Court action will be electronically filed in accordance with L.U.Civ.R 5(b).

2.      Improperly joined Defendant, Ryan Lynch, was served with process on May 23, 2022. *See* Docket, Exhibit B, Affidavit of Ryan Lynch attached hereto as Exhibit C, ¶ 2.

3.      State Farm was served with process on May 17, 2022. *See* Docket, Exhibit B.

4.      The Defendants State Farm and Lynch file this Notice of Removal within thirty (30) days of the first date of service of process in accordance with 28 U.S.C. §1446.

5.      For the reasons set forth hereinafter, no claim has been stated upon which relief may be granted as to Defendant Lynch, the same being fraudulently or improperly joined in this action, and the Complaint should be dismissed against him pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    PARTIES

6.      Plaintiff has pled that she is an adult resident citizen of Lauderdale County, Mississippi. *See* Exhibit A, Complaint, ¶ I.

7.      State Farm Fire and Casualty Company is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal

place of business in the State of Illinois. *See* Exhibit D.[1] Therefore, State Farm's domicile and citizenship are considered to be in Illinois. 28 U.S.C. §1332(c). *See also Griffin v. ABN Amro Mortg. Group, Inc.*, No. 3:14-cv-00022-GHD-JMV, 2014 WL 4199202, *2 (N.D. Miss. Aug. 22, 2014) (to establish citizenship of corporations removing party must identify state of incorporation and the principal place of business).

8.      Defendant Lynch, whose citizenship should be disregarded for purposes of diversity (as further articulated herein), is now and has at all relevant times been a citizen of the State of Mississippi. *See* Exhibit A, ¶ III.

9.      As a fraudulently or improperly joined party, Lynch is not required to join or consent to this removal; although he does consent and join. *Jernigan v. Ashland Oil, Inc*., 989 F. 2d 812, 815 (5th Cir. 1993)(explaining that it would be "nonsensical" to require consent to removal by the alleged improperly or fraudulently joined party because "removal in those cases is based on the contention that no other proper defendant exists"); *see also Jenkins v Farmington Cas. Co*., 979 F. Supp. 454 (S.D. Miss. 1997) ("[I]t is not necessary that the allegedly fraudulently joined defendant join with the other defendants in the removal petition.")(citing *Moore v. Interstate Ins. Co., et al*.,  717 F. Supp. 1193, 1195 (S.D. Miss. 1989)).

## II.    JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332, since there is diversity of citizenship between all properly joined parties, ignoring

---

[1] Available at:
https://insurance.illinois.gov/applications/RegEntPortal/ViewEntityDetails.aspx?en=834600&s=Active&t=INS (last visited June 14, 2022).

the citizenship of Lynch for the reasons stated hereinafter. State Farm specifically denies that jurisdiction lies in the Circuit Court of Lauderdale County, Mississippi. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

11.    The citizenship of Lynch as a fraudulently joined defendant is irrelevant. "The citizenship of a fraudulently joined defendant must be disregarded when considering whether the diversity requirement is satisfied." *Mendrop v. Shelter Mut. Ins. Co.*, No. 2:05-CV-15-P-B, 2006 WL 2246429, at *4 (N.D. Miss. Aug. 4, 2006) (citing *Badon v. R.J.R. Nabisco Inc.,* 224 F.3d 382, 389 (5th Cir.2000)).

12.    The Plaintiff has fraudulently and improperly joined Defendant Lynch as co-defendant with State Farm despite having no legally cognizable claim against him under Mississippi law. Whatever claim or cause of action the Plaintiff may have is against State Farm alone. All damages the Plaintiff alleges flow from the insurance contract in place at the time of the loss, not from anything Lynch did, or could have done, regarding Plaintiff's claim under the subject policy. The Plaintiff has, upon information and belief, intentionally joined Lynch for purposes of defeating diversity jurisdiction under 28 U.S.C. § 1332.

## III.    FRAUDULENT OR IMPROPER JOINDER

Improper or fraudulent joinder may be established in two ways "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Under the second prong, at issue here, the "applicable test 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff

against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Randle v. Primerica Life Ins. Co.*, No. 1:18-CV-141-SA-DAS, 2019 WL 968879, at *2 (N.D. Miss. Feb. 28, 2019) (quoting *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016)). A "'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F. 3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir. 2000)). "However, a court is not required to strain to find inferences favorable to the plaintiff…" *Foster v. Natchez Hosp. Co., LLC,* No. 5:21-cv-24-DCB-FKB, 2021 WL 6618767, *2 (S.D. Miss. July 1, 2021)(citing *R2Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005))

The district court should conduct a Rule 12(b)(6) type analysis, in deciding issues of improper or fraudulent joinder. *Smallwood,* 385 F.3d at 573. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Randle v. Smithkline Beecham Corp.,* 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004)(citing *Badon,* 224 F.3d at 392-393).

Further, even when it appears that a plaintiff has stated a claim, the Fifth Circuit has "consistently recognized that diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant and that hence such defendant is fraudulently joined and his citizenship must be disregarded for jurisdictional purpose." *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 389

(5th Cir. 2000). *See also Smallwood,* 385 F.3d at 573 (if "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder" the court may "pierce the pleadings" and conduct a summary inquiry; *Jabour v. Life Ins. Co. of North America,* 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005)( "Thus, the district court may 'pierce the pleadings' and consider 'summary judgment-type evidence' (e.g., affidavit and deposition testimony) when inquiring whether a resident defendant has been fraudulently joined.")(quoting *Ross v. CitiFinancial, Inc.*, 344 F. 3d. 458, 461 (5th Cir. 2003)); *McClenton v. Cannon Chevrolet, Cadillac, Nissan Inc*., No. 4:16CV183-SA, 2017 WL 4322432, at *2 (N.D. Miss. Sept. 28, 2017). *Cf. Mendrop v. Shelter Mut. Ins. Co.*, No. 2:05CV15-PB, 2006 WL 2246429, at *4 (N.D. Miss. Aug. 4, 2006)("In *Willingham,* the Court deemed it proper to consider affidavits filed subsequent to the notice of removal in determining whether there was an adequate basis for removal. In doing so, the Court implicitly approved the practice of looking to the record as a whole, rather than limiting review to the verbiage employed in the removal petition alone, in determining the existence of sufficient grounds for an exercise of jurisdiction under the removal statute.")(citing *Willingham v. Morgan,* 395 U.S. 402, 23 L.Ed.2d 396, 89 S.Ct. 1813 (1969)).

A.    **Claims against Lynch**

The only allegations concerning Lynch in the Complaint are:

…

III.

Defendant, Ryan Lynch, is an adult resident citizen as the Agent for State Farm Fire and Casualty Insurance Company of Mississippi, with an office at 5001 Poplar Springs Drive, Suite B., Meridian, Mississippi, who may be served pursuant to Mississippi Rules of Civil Procedure.

…

VI.

At all relevant times, State Farm, by and through its Agent, provided a policy of insurance, number 24-BG-0937-4 ("the Policy"), to Plaintiff, which covered the Prope1iy against perils including wind and damage provided the following coverages: $275,500.00 for Dwelling, *inter alia.* This policy of insurance was represented and sold to the Plaintiff by the Defendant Ryan Lynch, as an Agent for the Defendant State Farm Insurance Company. The policy by reference is made an "Exhibit" to this complaint.

…

XIX.

Upon information and belief, State Farm and its Agent purposely and/or negligently misrepresented to Plaintiff t4e terms and condition$ of the Policy.

…

XXVII.

The Defendants have breached their contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by:

    a.    Failing to timely tender adequate insurance proceeds under the policy after Plaintiff has represented her loss to State Farm;

    b.    Purposely and/or negligently misrepresenting to Plaintiff the terms and conditions of the Policy;

    c.    Failing to conduct the claims handling for Plaintiffs claim in good faith and with fair dealing;

    d.    Manipulating its pricing software to artificially suppress the cost of repairs below market value;

    e.    Failing to include adequate overheard and profit in its estimates of damages.

…

*See* Exhibit A.

The remaining allegations of the entire Complaint, including the cause of action for "bad faith" are asserted solely against State Farm, with the exception of the claims contained in paragraph XXVII, and the *ad damnum* clause where allegations are made jointly against "Defendants." Paragraph XXVII makes claims that "Defendants…breached their contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff…" *See* Exhibit A, ¶ XXVII. Plaintiff's failure to assert specific allegations of wrongdoing against Lynch separately supports the position that he was joined solely for the purpose of destroying diversity.

In sum, for the reasons more specifically stated below, the Plaintiff's Complaint fails to allege sufficient facts to state a claim for relief against Lynch that is above speculation much less plausible on its face as required under *Twombly*. *See Kirby v. Shelter Ins. Co.*, No. 2:19-cv-000195-KS-MTP, 2020 WL 886945 *3 (S.D. Miss. Feb. 24, 2020) (noting federal pleading standards articulated in *Twombly* and *Iqbal* are utilized in this circuit to determine whether party is improperly joined).

> **1.    Lynch is not a party to the insurance contract between Plaintiff and State Farm; therefore, there is no plausible claim that may be stated against him for breach of contract or bad faith.**

The Complaint alleges "State Farm entered into the subject contract of insurance, sold by its Agent, with Plaintiff…" *See* Exhibit A, ¶ XXV. The Complaint does not even allege that Lynch was the "agent" who sold the policy, and in fact, he was not. *See* Exhibit A; Exhibit C, ¶ 4-5. Plaintiff admits that a policy of insurance was issued by State Farm, and that she was paid some amount as a result of a claim for damage presented by her following a storm event which allegedly occurred on April 18, 2019. *See* Exhibit A, ¶ VI-IX. Plaintiff attached a copy of a portion of a State Farm policy as an exhibit to her Complaint. *Id.,* ¶ VI. A certified copy of the policy issued to Plaintiff and in effect on April 18, 2019 has been attached here as Exhibit E, bearing bates numbers Woods CP 24-BG-0937-4 (04/22/2018 - 04/22/2019) 100000-100050. *See* Exhibit E.

Plaintiff alleges that "**State Farm** by and through its adjuster inspected the Property…" and made payment for the loss. *See* Exhibit A, ¶ IX (emphasis added). Plaintiff alleges that "**State Farm**" retained an engineer to inspect the property. *Id.* at ¶ XIV (emphasis added). Plaintiff alleges that she was not able to make repairs "with the meager proceeds allowed by **State Farm**." *Id.* at ¶XVI (emphasis added). She further alleges that "[a]s a result of **State Farm's** failure to

timely and adequately compensate" her, that her home continues to suffer damage and she has had

to incur the expense of retaining counsel. *Id.* at ¶ XVII, XVIII (emphasis added).  Other than the

allegations in paragraph XIX, that "State Farm and its Agent purposely and/or negligently

misrepresented to Plaintiff the terms and conditions of the Policy…" and allegations in paragraph

XXVII quoted above regarding the alleged breaches of contractual duties by "Defendants",

Plaintiff makes no separate and independent claims against Lynch, and even the allegations made

against him in paragraphs XIX and XXVII, make no claim which is actionable against any party

other than State Farm. *See* Exhibit A.

It is clear that Lynch is not a party to the insurance contract; yet, he is included as a

participant in the alleged breaches of the contract terms. *See* Exhibit A, ¶ XXVII. The policy

provides:

**HOMEOWNERS POLICY**
**DECLARATIONS CONTINUED**

We agree to provide the insurance described in this policy:
1. Based on your payment of premium for the coverages you chose;
2. Based on your compliance with all applicable provisions of this policy; and
3. In reliance on your statements in these **Declarations**.

You agree, by acceptance of this policy, that:
1. You will pay premiums when due and comply with the provisions of the policy;
2. The statements in these **Declarations** are your statements and are true;
3. We insure you on the basis your statements are true; and
4. This policy contains all agreements between you and us and any of our agents.
…

**DEFINITIONS**

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations.**

*See* Exhibit E, at bates Woods CP 24-BG-0937-4 (04/22/2018 - 04/22/2019) 100017. The Company shown in the Declarations is State Farm Fire and Casualty Company. *See* Exhibit E, at bates Woods CP 24-BG-0937-4 (04/22/2018 - 04/22/2019) 100003 (identifying State Farm Fire and Casualty Company). While Ryan Lynch is identified on the Declarations as an insurance agent, the contract clearly indicates he is not a party to the contract- he does not qualify as a "we" or "us" or as a "you" for purposes of identifying contractual obligations. *See* Exhibit E.

Plaintiff alleges in her Complaint that Lynch acted as an agent for State Farm. *See* Exhibit A, ¶¶ III, VI. It is clear under Mississippi law that as an agent for a disclosed principal, State Farm, Lynch can incur no contractual liability to Plaintiff absent fraud or other equivalent conduct, none of which is alleged here against Lynch. *See Jabour,* 362 F. Supp. 2d at 740-41 (S.D. Miss. 2005). *See also Vestal v. Oden*, 500 So.2d 954, 958 (Miss. 1986); *Wood v. Miss. Power Co.,* 146 So.2d 546 (Miss. 1962); *Williams v. Lafayette Ins. Co.*, 640 F. Supp. 686, 689 (N.D. Miss. 1986)("[C]ourts have uniformly held that a breach of the terms of the contract will enable the victim to bring suit against the principal, but not the agent, as the former is the one responsible for performance under the contract"); *Wheeler v. Frito Lay, Inc.*, 743 F.Supp. 483, 486 (S.D. Miss. 1990); *McFarland v. Utica Fire Ins. Co.*, 814 F. Supp. 518, 521 (S.D. Miss. 1992) *aff'd* 14 F. 3d 55 (5th Cir. 1994)(general rule of Mississippi law is where defendant-agent acts as agent for known principal agent incurs no liability for breach of duty or contract committed by the principal); *Jenkins v. Farmington Cas. Co.*, 979 F. Supp. 454, 457 (S.D. Miss. 1997)(as nonparty insurance contract agent cannot be liable under the contract for the payment of benefits)(citing *Patton v. Aetna Ins. Co.*, 595 F. Supp. 533 (N.D. Miss. 1984)).

Plaintiff makes no allegation that Lynch is a party to the contract, and in fact, the contract is clear, it is between State Farm Fire and Casualty Company and Plaintiff. *See* Exhibit E. Even if Plaintiff had not read her policy to discover the parties thereto, she is bound by its terms and conditions. *Hutton v. American General Life & Accident Ins. Co*., 909 So.2d 87 (Ct. Apps. Miss. 2005); *Haggans v. State Farm*, 803 So.2d 1249, 1252 (Miss. Ct. App. 2002); *Cherry v. Gibbs*, 501 So.2d 416, 419 (Miss. 1987); *Atlas Roofing Mfg. Co., Inc. v. Robinson and Julienne*, *Inc.*, 279 So.2d 625, 629 (Miss. 1973); *Zepponio v. Home Ins. Co.*, 248 Miss. 828, 833-34, 161 So.2d 524, 526 (1964). Plaintiff does not allege that Lynch was involved in any of the claim handling activities concerning the investigation, nor does she allege that Lynch was involved in any decision-making concerning coverage or payment. *See* Exhibit A, ¶¶ IX-XVII; XX-XXIII; XXV; XXX-XXXII. In fact, all of those allegations are directed solely at "State Farm". *Id.* Plaintiff merely lumps Lynch in with State Farm by using the plural "Defendants" in paragraph XXVII which alleges a breach of "contractual duties" and then again includes Lynch in the *ad damnum* clause demanding judgment against him for the allegedly improper acts of "Defendant", which presumably is State Farm. *Id.* Mississippi law is clear, Lynch is not a party to the insurance contract, and as such, the Plaintiff's attempt to impute State Farm's liability for alleged breaches of contract to Lynch by merely including him as one of the "Defendants" is insufficient to state a claim against him for any alleged breach of contract. Thus, the claims against him related to any alleged breach of contract, including those in ¶ XXVII should be dismissed.

**2. Any claim which could be read into Plaintiffs' Complaint for negligence, failure to procure insurance, misrepresentation, or fraud are not cognizable under Mississippi law as to Lynch.**

Again, the only paragraphs providing any information as to the claims being made against Lynch are XIX and XXVII which relate to an unidentified "misrepresentation." These paragraphs of the Complaint do not make specific claims against Lynch for negligence, failure to procure, or fraud. *See* Exhibit A, ¶¶ XIX, XXVII.[2]. Sub-part b. of ¶ XXVII, alleges that "Defendants" either negligently or purposefully misrepresented the terms and conditions of the Policy. *Id.* at ¶ XXVII, b. This echoes the allegations in paragraph XIX. *Id.* at ¶ XIX. Such a vague and conclusory allegation, however, is insufficient to state any cognizable claim against Lynch and clearly demonstrates that Lynch is included in these references solely for the purpose of fixing venue by fraudulently joining him as a non-diverse defendant.

**a. Negligence.**

The Plaintiff alleges that she purchased a State Farm policy sold by its "Agent". *See* Exhibit A, ¶¶ VI, XXV. Lynch is the only individual named in the suit as an "agent" of State Farm. *Id.* at ¶ III. Plaintiff further alleges that "Defendants" either negligently or purposely misrepresented the policy conditions to Plaintiff. *Id.* at ¶¶ XIX, XXVII. These are the only allegations from which any potential negligence claim against Lynch could be based, as all other allegations relate solely to State Farm's conduct. *See* Exhibit A. To set forth a negligence claim, Plaintiff must allege duty, breach of duty, proximate cause, and damages. *Mladineo v. Schmidt*, 52 So.3d 1154, 1162 (Miss.

---

[2] In fact, the majority of the allegations in paragraph XXVII deal specifically with the handling of Plaintiff's claim, which Plaintiff previously attributed to State Farm (Exhibit A, ¶¶ IX-XVII) and would, theoretically, fall within a claim for breach of contract, for which Lynch as a non-party can have no liability, as previously discussed in par. 1, above.

2010) (citation omitted). "An insurance agent must use that degree of diligence and care with reference thereto which a reasonably prudent [person] would exercise in the transaction of his own business." *Id*. However, under Mississippi law, an insurance agent has no affirmative duty to advise buyers regarding their coverage needs. *Id.* at 1163. *See also Buente v. Allstate Insurance Company*, 422 F.Supp.2d 690, 695 (S.D. Miss. 2006) ("Mississippi law imposes no duty on the agent of an insurer to recommend particular coverages or to analyze the needs of a prospective customer…").

While Plaintiff alleges she purchased the Policy from Lynch (identified as the "Agent"), Plaintiff does not allege that Lynch gave her advice. *See* Exhibit A.  Plaintiff has not alleged that Lynch recommended coverages or advised her concerning what coverage may be necessary for the protection of her property. *Id.* It is only when an agent offers advice to insureds, that he or she has a duty to exercise reasonable care. *Mladineo*, 52 So.3d at 1162.  Plaintiff makes no allegations regarding any involvement by Lynch in providing any advice concerning coverage to be obtained. As Plaintiff fails to make any such allegation, any claim she may be attempting to assert for negligence against Lynch as the procuring agent fails under Mississippi law, even if the facts alleged in her Complaint regarding her purchase of the policy from Lynch are taken as true.[3]  A

---

[3] In fact, Lynch was not involved in giving advice to Plaintiff or assisting with her policy as the policy was issued before Lynch became an insurance agent. *See* Exhibit C, ¶ 4-5. As Lynch was not involved in the procurement of coverage for Plaintiff, there could be no cognizable claim for negligence against him under Mississippi law. Even if same were cognizable, it would fail as a result of application of the statute of limitations as the Mississippi Court of Appeals has held that "[t]he three year statute of limitations. . .  begins to accrue upon the purchase of an insurance policy. *Stephens v. Equitable Life Assur. Society of U.S.,* 80 So.2d 78, 83 (Miss. 2003)." *Robinson v. Southern Farm Bureau Casualty Co.,* 915 So.2d 516, 520, ¶8 (Miss. Ct. App. 2005).

claim that cannot withstand a Rule 12(b)(6) challenge is deemed fraudulent and does not prevent removal. *See Smallwood*, 385 F.3d at 573.

### b. Failure to procure.

Similarly, Plaintiff has failed to allege a "failure to procure" claim against Lynch, despite making a conclusory statement that "Defendants… failed to provide reasonable and adequate insurance coverage to Plaintiff…" *See* Exhibit A, ¶ XXVII. Although an agent can be found liable for negligent procurement in certain circumstances, those circumstances are limited. *See, e.g. Lovett v. Bradford,* 676 So.2d 893, 896 (Miss. 1996); *Taylor Machine Works, Inc. v. Great American Surplus Lines Ins. Co.,* 635 So.2d 1357, 1362 (Miss. 1994). A failure to procure claim lies against an insurance agent when he or she fails to obtain the type of insurance or the amount of insurance requested, and is considered a claim for negligence. *See Haggans v. State Farm Fire & Cas. Co.*, 803 So.2d 1249, 1252 (Miss. Ct. App. 2002)(recognizing duty of insurance agent to exercise reasonable diligence in obtaining policy conforming to request of the insured).

Plaintiff does not make any allegation that Lynch (or any insurance agent) failed to obtain a specific policy coverage or limit that Plaintiff requested. *See* Exhibit A. In fact, the Complaint alleges that a policy was issued by State Farm, and that some payments for the windstorm loss have been made, just not to the extent Plaintiff felt were sufficient. *Id.* at ¶¶ VI, IX. Inasmuch as the Plaintiff has admitted that a policy was issued and payments were made and does not allege any impropriety related to the issuance of the policy itself or the coverage provided therein, only the amount she has been paid for her loss and claims decisions which she alleges were made by

"State Farm," [4] she has not alleged legally cognizable grounds for a claim against Lynch for failure to procure or negligent procurement.[5] There is no arguably reasonable basis for predicting that Mississippi law might impose liability on Lynch for failure to procure based on the allegations in the Complaint even if such a claim could be read into the Complaint based on Plaintiff's conclusory statement in ¶ XXVII. Under the circumstances, a claim for failure to procure, if it is read into this paragraph, would be deemed fraudulent and would not prevent removal. *See Gray v. United States Fidelity & Guaranty*, 646 F. Supp. 27, 29 (S.D. Miss. 1986)(claim that does not give rise to an arguably reasonable basis for predicting imposition of state law liability on non-diverse defendant is deemed fraudulent and under Fifth Circuit precedent will not prevent removal).

### c. Misrepresentation.

Again, the *only* claim specifically asserted against Lynch, specifically, is for misrepresentation. This claim too, however, is also asserted against State Farm. The Complaint alleges that "State Farm and its Agent purposefully and/or negligently misrepresented to Plaintiff the terms and conditions of the Policy." *See* Exhibit A, ¶ XIX. Plaintiff also makes a claim in a subsequent paragraph of the Complaint that "Defendants have breached their contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by... b. Purposely and/or negligently misrepresenting to Plaintiff the terms and conditions of the Policy." *Id.* at ¶ XXVII, b.

---

[4] *See* allegations contained in Exhibit A, ¶¶ IX-XVIII, detailing the allegedly wrongful conduct of State Farm in the investigation and adjustment of her claim, and making no mention of Lynch.
[5] Even if her allegation that Lynch was the "Agent" who sold her the policy, which he denies (Exhibit C, ¶¶ 4-5), is taken as true, there is still no claim for failure to procure as the coverage was obtained and Plaintiff's Complaint contains no allegation to the contrary; she only complains about the amount State Farm paid her for her loss. *See* Exhibit A.

Under Mississippi law, a claim for negligent misrepresentation requires: (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance. *Grissom v. Liberty Mut. Fire Ins. Co*., 678 F.3d 397, 402–03 (5th Cir. 2012) (citing *Mladineo v. Schmidt*, 52 So.3d 1154, 1164–65 (Miss.2010)).

Plaintiff is required under Mississippi law to allege the time, place, and content of the false representations. *Smith v. Union Nat'l Life Ins. Co.,* 187 F. Supp. 2d 635, 651 (S.D. Miss. 2001)(citing *Brabham v. Brabham,* 483 So.2d 341, 342 (Miss. 1986)). In pleading that Lynch and State Farm made misrepresentations, Plaintiff's Complaint fails to set forth the exact representation made, the time such representation was made, the place the representation was made, or who the parties were to the representation. *See* Exhibit A, ¶¶ XIX, XXVII.  Reading the same conclusory statement contained in these two paragraphs, it is unclear whether the alleged misrepresentation occurred at the time the policy was procured, which was well before the loss and which would be subject to a statute of limitations defense, or occurred after the loss.[6]   In *Coleman v. Conseco, Inc.,* the court, dismissed the action against the individual defendant as a

---

[6] State Farm and Lynch do not waive the right to make an argument for dismissal at a later date based on a statute of limitations defense in the event that the allegations against Lynch are not dismissed with prejudice for the reasons set forth herein as the policy was first issued on or about May 3, 1994 (Exhibit C, ¶ 4) and any claims as to representations made at that time, or which were clearly contrary to the language of the policy, are barred by the three-year statute of limitations. *See Sullivan v. Tullos,* 19 So. 3d 1271, 1274 (Miss. 2009)(citing Miss. Code Ann. §15-1-49)).

result of not specifying this information. *Coleman* 238 F. Supp. 2d 804, 812 (S.D. Miss. 2002).

Of note, Plaintiff cannot, post-removal, amend her complaint in order to allege facts, such as time,

place, and parties, to affect the appropriateness of federal court jurisdiction at the time of removal.

*Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256-264 (5th Cir. 1995).   As a result of

Plaintiff's failure to include this information in its Complaint, the claim against Lynch fails under

the particularity requirement of Rule 9, as a matter of law. Therefore, there is no possibility of

recovery against Lynch for such claim.

Secondly, in regard to the substantive aspects of the claim, Plaintiff's claim against Lynch

also is not cognizable as a claim for fraud. Under Mississippi law, a claim of

fraud/misrepresentation requires nine elements: (1) a representation; (2) its falsity; (3) its

materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it

should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's

ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent

proximate injury. *Peters v. Metro. Life Ins. Co.,* 164 F. Supp. 2d 830, 834 (S.D. Miss. 2001)(citing

*Black v. Carey Canada, Inc.,* 791 F. Supp. 1120, 1123 (S.D. Miss. 1990); *Spragins v. Sunburst

Bank,* 605 So.2d 777, 780 (Miss. 1992)).  In order to state a claim for fraud, "a [c]omplaint must

allege all nine of these elements [and] the allegations must be factual and not conclusory, because

conclusory allegations do not state a claim." *Id.* (citing *Addison v. Allstate Ins. Co.,* 58 F. Supp. 2d

729, 734 (S.D. Miss. 1999)).   According to Plaintiff's Complaint, Lynch (and State Farm)

misrepresented the terms and conditions of the policy.  Such is conclusory in nature and does not

rise to the level of pleading required by Rule 8 or 9, and requires dismissal.

If Plaintiff's general allegations are viewed as including a claim for fraud against Lynch,

such a claim would still not pass muster.  The law in Mississippi is that even if the Plaintiff had

not read the entire policy, knowledge of its contents is still imputed to it as a matter of law. *Hutton*

*v. American General Life & Accident Ins. Co*., 909 So.2d 87 (Ct. Apps. Miss. 2005); *Haggans v.*

*State Farm,* 803 So.2d 1249, 1252 (Miss. Ct. App. 2002); *Cherry v. Gibbs*, 501 So.2d 416, 419

(Miss. 1987); *Atlas Roofing Mfg. Co., Inc. v. Robinson and Julienne*, *Inc.*, 279 So.2d 625, 629

(Miss. 1973); *Zepponie v. Home Ins. Co.*, 248 Miss. 828, 833-34, 161 So.2d 524, 526 (1964).

Under Mississippi law, the Plaintiff is charged with the knowledge of the contents of the policy

whether she read it or not. *Stephens v. Equitable LifeAss. Soc'y*, 850 So.2d 78, 83 (Miss. 2003).

In either event, because Plaintiff has not sufficiently stated facts to state a claim for fraudulent

representation or misrepresentation, there can be no cognizable claim against Lynch for same.

As demonstrated, the Plaintiff asserts no independent legally cognizable grounds for a

claim against Lynch for misrepresentation or fraud and the Complaint does not give rise to any

arguably reasonable basis for predicting that Mississippi law might impose liability on him. There

are simply no facts alleged as to what misrepresentation was made from which the Court could

draw the reasonable inference that Lynch as one of the "Defendants" could be held liable under

Mississippi law for the alleged misconduct.  To the extent that Plaintiff is relying upon this one

conclusory allegation to suggest she is making a claim for misrepresentation, it is facially

implausible and fails to state a claim for relief against Lynch. Such is sufficient to show that Lynch

is improperly joined. *See Randle*, 338 F. Supp. 2d at 708.  In sum, for the reasons more specifically

stated herein, the Plaintiff's Complaint fails to allege sufficient facts to state a claim for relief

against Lynch that is above speculation much less plausible on its face as required under *Twombly*.

*See Kirby v. Shelter Ins. Co.*, No. 2:19-cv-000195-KS-MTP, 2020 WL 886945 *3 (S.D. Miss. Feb.

24, 2020) (noting federal pleading standards articulated in *Twombly* and *Iqbal* are utilized in this circuit to determine whether party is improperly joined).

### d. Negligence.

Finally, while no specific claim for "negligence" as separate from negligent misrepresentation, is made against Lynch, to the extent one could be reasonably read into the Complaint, such a claim would also fail under Mississippi law. "[I]nsurance agents and adjusters, while not liable for ordinary negligence in performing their duties on behalf of the insurers, can 'incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured.'" *Jenkins*, 979 F. Supp. at 457 (quoting *Bass v. California Life Ins. Co.,* 581 So.2d 1087, 1090 (Miss. 1991)).  The Complaint makes no mention of any action by Lynch with regard to the investigation or adjustment of her claim; rather, all allegations regarding same are directed at "State Farm" and its "adjuster" or "engineer". *See* Exhibit A, ¶¶ IX-XVII.  The only allegation made specifically against Lynch, as noted previously, relates to some yet unidentified "misrepresentation", and does not allege any facts identifying conduct by Lynch which Plaintiff claims is grossly negligent, malicious, or in reckless disregard of her rights. Plaintiff has simply not plead sufficient facts from which the Court could reasonably infer that liability would be imposed on Lynch for any action he may have taken as an insurance agent servicing Plaintiff's policy after he took over the account from the original agent or with regard to anything related to her claim based on gross negligence, maliciousness or reckless conduct.  *Kirby*, 2020 WL 886945 *4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.**     **Dismissal of Lynch**

As demonstrated, the Plaintiff asserts no independent legally cognizable grounds for a claim against Lynch and the Complaint does not give rise to any arguably reasonable basis for predicting that Mississippi law might impose liability on him. In sum, for the reasons more specifically stated herein, the Plaintiff's Complaint fails to allege sufficient facts to state a claim for relief against Lynch that is above speculation much less plausible on its face as required under *Twombly*. *See Kirby v. Shelter Ins. Co.*, No. 2:19-cv-000195-KS-MTP, 2020 WL 886945 *3 (S.D. Miss. Feb. 24, 2020) (noting federal pleading standards articulated in *Twombly* and *Iqbal* are utilized in this circuit to determine whether party is improperly joined).  As such, Lynch is entitled to dismissal with prejudice.[7]

13.     For the reasons stated herein, Lynch is an improperly joined defendant whose citizenship is disregarded for purposes of evaluating diversity jurisdiction. Once his citizenship is disregarded, there is complete diversity between the Plaintiff who is a citizen of Mississippi and Defendant State Farm which is a citizen of Illinois.

**IV.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

14.     This Court also has subject matter jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Generally, courts look to the allegations in the plaintiff's complaint in order to determine the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The amount in controversy is determined by

---

[7] As no viable cause of action has been alleged against Lynch, all claims against him should be dismissed. *See Kirby v. Shelter Ins. Co.*, No. 2:19-cv-000195-KS-MTP, 2020 WL 886945 *3 (S.D. Miss. Feb. 24, 2020) (dismissing all claims against improperly joined defendants).

whether it is "facially apparent" that the claims and damages sought exceed the jurisdictional amount. Id. In this regard, the Court must look to "what the plaintiff is claiming" and not what "the plaintiff is likely to . . . be awarded" to determine if the jurisdictional amount is satisfied. *Carter v. Westlex Corp.*, 643 Fed. Appx. 371, 376 (5th Cir. 2016) (quoting *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015)).

15.     According to the facts in controversy, Plaintiff does not specify a total amount of damages being sought; although she alleges that the storm damage repairs are estimated to cost $238,000.00 to repair. *See* Exhibit A, ¶ XIII. She further alleges that State Farm's actual cash value payments of $10,079.37 were insufficient. *See* Exhibit A, ¶¶ IX, XI, XII. Presumably the difference in State Farm's payments and her estimated cost to repair would be the minimum amount Plaintiff would be claiming for compensatory damages in this suit, which is a difference of $227,920.63, clearly in excess of the jurisdictional minimum. Plaintiff additionally has plead an entitlement to attorney fees and punitive damages. Exhibit A, ¶¶ XXXI, XXXVII, *ad damnum.* Mississippi federal courts consistently hold that an unspecified amount claimed as punitive damages under Mississippi law is deemed to satisfy the amount in controversy requirement for federal jurisdiction. *See Montgomery v. First Family Fin. Serv. Inc.*, 239 F.Supp.2d 600, 605 (S.D. Miss. 2002). Moreover, in determining the amount in controversy this Court must also consider Plaintiff's claim of damages for emotional distress[8] which Mississippi courts have previously noted routinely result in jury awards in excess of $75,000. *See Shah v. Moneygram Payment Sys., Inc.*, No. 4:16-CV-

---

[8] *See* Exhibit A, ¶ XXXVII, *ad damnum*.

204-DMB-JMV, 2017 WL 4150943, at *2 (N.D. Miss. Sept. 19, 2017) (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003)) (finding potential damages for emotional distress and mental anguish must be considered in amount in controversy inquiry); *Doss v. NPC Int'l, Inc.*, No. CIVA4:10-CV-17SADA, 2010 WL 1759153, at *6 (N.D. Miss. Apr. 29, 2010 (internal citations omitted) (noting that "Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000"). Finally, Plaintiff has alleged an entitlement to attorney fees. *See* Exhibit A, *ad damnum*. Miss. Code Ann. § 11-1-65 provides for an award of attorney's fees when punitive damages have been awarded, and Plaintiff has claimed an entitlement to such relief. While State Farm denies that Plaintiff is entitled to such relief, these claims should be considered in the computation of the actual amount in controversy. *Greenberg*, 134 F.3d 1253; *accord Wince v. Wal-Mart Stores, Inc*., 373 F.Supp.2d 670, 673 (S.D. Miss. 2005)(finding amount in controversy requirement met despite plaintiff's stipulation that she would not seek damages in excess of $75,000.00, as she also may recover attorney's fees which are included in calculation).  Here, as noted above, Plaintiff has made a claim for compensatory damages, emotional distress damages, punitive damages and attorney fees. Therefore, the amount in controversy requirement has been satisfied.

## V.    CONCLUSION

16.    This action is now removable pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), as amended.

17.    This Notice of Removal has been timely filed. Written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served on Plaintiffs as required by law. A Notice of Filing, attaching a copy of this Notice of Removal as an exhibit

thereto, will be filed with the Clerk of the Circuit Court of Lauderdale County, Mississippi, First Judicial District, as provided by law.

**WHEREFORE**, **PREMISES CONSIDERED**, Defendants State Farm Fire and Casualty Company and Ryan Lynch, through counsel, respectfully submit this Notice of Removal of the State Court action to this Court.

**RESPECTFULLY SUBMITTED**, this the 15th day of June 2022.

> **WEBB SANDERS & WILLIAMS PLLC**
> **363 NORTH BROADWAY**
> **POST OFFICE BOX 496**
> **TUPELO, MISSISSIPPI 38802**
> **Telephone: (662) 844-2137**
> **Facsimile: (662) 842-3863**
> **ROECHELLE R. MORGAN, MSB #100621**
> **rmorgan@webbsanders.com**
>
>
> **BY: /s/ Roechelle R. Morgan_____**
>       **ROECHELLE R. MORGAN**

## <u>CERTIFICATE OF SERVICE</u>

I, Roechelle R. Morgan, one of the attorneys for Defendant, State Farm Fire and Casualty Company, hereby certify that I have served the foregoing **Notice of Removal** through the ECF system, which sent notice to counsel of record. I also certify that I served the same upon counsel of record by delivering a true and correct copy by way of United States mail and/or electronic mail as follows:

> ***<u>Attorney for Plaintiff</u>***
> J. Richard Barry
> Barry, Thaggard & May, LLP
> P.O. Box 2009
> Meridian, MS 39302
> barry@btmlegal.com

This the 15th day of June 2022.

/s/ Roechelle R. Morgan
**ROECHELLE R. MORGAN**