UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SARAH N. WOODS                                                                         PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:22-CV-327-KHJ-MTP

STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY and
RYAN LYNCH, AGENT                                                                 DEFENDANTS

ORDER

This action is before the Court on Plaintiff Sarah N. Woods's Motion to Remand [11] and Defendant Ryan Lynch's Motion to Dismiss [2]. For the reasons below, the Court denies Woods's Motion to Remand and grants Lynch's Motion to Dismiss.

I.      Facts and Procedural History

This case arises from an insurance dispute between Woods and Defendants Lynch and State Farm Fire and Casualty Company ("State Farm"). Woods and Lynch are residents of Mississippi. Notice of Removal [1-1] ¶ 1; [1] at 3. State Farm is incorporated in Illinois with its principal place of business in Illinois. [1] at 2-3.

On April 18, 2019, Woods's house was damaged by a windstorm. [1-1] ¶ 7. Before the incident, Woods bought an insurance policy from State Farm providing $275,500 in coverage for her dwelling, including any wind damage. *Id.* ¶ 6. Lynch, a State Farm Agent, sold the policy to Woods. *Id.* After Woods reported the windstorm damages, State Farm inspected her property and documented $12,672.69 in

damages. *Id.* ¶¶ 8-9. After allowing for deductibles, State Farm paid Woods $6,788. *Id.* ¶ 9. Later, State Farm issued another payment to Woods in the amount of $3,291.37. *Id.* ¶ 11.

Woods contends, however, that the damages to her house were much more significant. *Id.* ¶ 12. After Woods submitted a repair estimate from a contractor for $238,000, State Farm responded that their estimate was for $21,538.47. *Id.* ¶ 13. As a result of State Farm's "meager" payments, Woods states that she is "unable to make meaningful repairs to her [p]roperty." *Id.* ¶ 16. Additionally, because her property "remains in a state of disrepair," she now has black mold in her house. *Id.* ¶ 17.

On April 14, 2022, Woods filed a Complaint against State Farm and Lynch in the Circuit Court of Lauderdale County, Mississippi. *See* [1-1]. She specifically alleges two claims: (1) breach of contract and (2) bad faith. *Id.* ¶¶ 24-36. While Woods's Complaint mentions Lynch in the breach of contract claim, it does not mention him in the bad-faith claim. *See id.* Woods also states that "State Farm and [Lynch] purposely and/or negligently misrepresented to Plaintiff the terms and conditions of [her] policy." *Id.* ¶ 19. This statement is not tied to any specific claim, however.

Woods's Complaint was served on State Farm on May 16 and on Lynch on May 19. [1-2]. On June 15, State Farm and Lynch timely filed a Notice of Removal, asserting that this Court has jurisdiction under 28 U.S.C. § 1332. [1]. They argue removal based on diversity jurisdiction is proper because Lynch was improperly

joined in the case and the amount in controversy exceeds $75,000. *Id.* at 4-20. On July 25 Woods filed a Motion to Remand, along with an Affidavit alleging new facts about Lynch. [11]; [11-2]. Woods argues that Lynch was not improperly joined because Woods has an actionable negligence claim against him. [12] at 7-12.

I.   Standard of Review

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). "Any ambiguities are construed against removal . . . [and] in favor of remand." *Id.*

II.   Analysis

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Generally, a defendant cannot remove a case pursuant to 28 U.S.C. § 1332 if any of the other defendants is properly joined and is a citizen of the State where the case was brought. *Id.* § 1441(b)(2). If a non-diverse defendant is improperly joined, however, the Court may dismiss that defendant and ignore it for purposes of evaluating diversity jurisdiction. *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021).

The primary issue before the Court is whether Lynch was improperly joined, thus allowing the Court to ignore his citizenship in evaluating diversity jurisdiction. Before deciding this issue, however, the Court must first address whether it can consider Woods's Affidavit in determining whether remand is appropriate. Finally, because the Court has an affirmative duty to address issues of subject matter jurisdiction sua sponte, *Ali v. Sneed*, 830 F. App'x 440, 440 (5th Cir. 2020), it will also address whether the amount in controversy requirement is met here.

A. Woods's Affidavit

When determining whether removal is proper, the Court must consider the claims in the complaint as they existed in state court at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). When reviewing a fraudulent joinder claim, however, "a federal court may consider 'summary judgment-type evidence such as affidavits and deposition testimony.'" *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (quoting *Cavallini*, 44 F.3d at 263). But the Court may review such evidence "only to the extent that the factual allegations . . . clarify or amplify the claims" in the state court complaint. *Id.* "Post-removal filings may not be considered . . . to the extent that they present new causes of action or theories not raised in the [state court complaint]." *Id.* This allows courts to swiftly resolve removal issues and is "consistent with the need for certainty, avoidance of delay, and finality in resolving jurisdiction." *See Cavallini*, 44 F.3d at 264 n.16.

4

When she moved to remand, Woods attached an Affidavit asserting new facts about Lynch. *See* [11-2]. In the Affidavit, Woods alleges that Lynch "provided [her] with numerous excuses" as to State Farm's delays in assessing the damage to her home, "insinuated that he [was her] advocate," and told her that he was her friend and "that he was going to make sure [her] home was properly repaired." *Id.* ¶¶ 4-7. She concludes by saying that she "[has] been willfully and purposefully lied to by Ryan Lynch at each and every phase of this process. Ryan Lynch has lied and misrepresented the facts regarding the repairs to be made to [her] home and [her] homeowner's policy, which provides for said repairs." *Id.* ¶ 8.

This Affidavit stands in stark contrast to Woods's state court Complaint in which Lynch is hardly mentioned. He is not mentioned at all in the bad-faith claim, *see* [1-1] ¶¶ 29-36, and the breach of contract claim is insufficient to state a cause of action against Lynch.[1] This leaves only the stand-alone statement that "State Farm and [Lynch] purposely and/or negligently misrepresented to Plaintiff the terms and conditions of the policy." [11-1] ¶ 19. As mentioned above, this statement is not tied to any specific claim and there are no specific facts explaining Lynch's specific misrepresentations.

That said, Woods contends the Court should consider her Affidavit because it supports the allegations in her Complaint. *See* Pl.'s Reply Defs.' Resp. Opp'n Pl.'s Mot. Remand [21]. The only statement in the Affidavit supporting her negligent misrepresentation claim, however, is that "Lynch has lied and misrepresented the

---

[1] See discussion *infra* Part II, B.

5

facts regarding the repairs to be made to [her] home and [her] homeowner's policy . . . ." [11-2] ¶ 8. This statement does not "clarify or amplify the claims" in the Complaint, but simply restates the same conclusory allegation. *See Griggs*, 181 F.3d at 700. Moreover, the other statements in the Affidavit appear to present new causes of action not raised in the Complaint. Again, Lynch is never mentioned in the bad-faith claim in the Complaint. Yet in her Affidavit Woods appears to be arguing that Lynch acted in bad faith by providing "numerous excuses" and "insinuat[ing] that he [was] [her] advocate" and "friend." These new allegations go against the need for certainty and finality in resolving jurisdiction in this case. *See Cavallini*, 44 F.3d at 264 n.16. Consequently, the Court will not consider Woods's Affidavit in determining whether Lynch was improperly joined.

B. Improper Joinder

A non-diverse defendant is improperly joined if "(1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams*, 18 F.4th at 812 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). In determining whether the plaintiff has a cause of action against the non-diverse defendant in state court, the Court should consider "whether the plaintiff had any possibility of recovery against the non-diverse defendant in state court at the time of removal." *Id.* "The inquiry is virtually identical to the inquiry on a motion to dismiss for failure to state a claim." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Witherspoon v. Waybourn*, No. 21-10407, 2022 WL 2188530, at *1 (5th Cir. June 17, 2022) (per curiam) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must view the facts "in the light most favorable to the plaintiff"; however, the Court need not "strain to find inferences favorable to plaintiffs nor accept conclusory allegations, unwarranted deductions, or legal conclusions." *Id.* (internal quotations and citations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679.

State Farm does not contend that there was actual fraud in Woods's Complaint. The only issue, therefore, is whether Woods could establish a cause of action against Lynch in state court. In her complaint, Woods expressly alleges a breach of contract claim against Lynch. [11-1] ¶¶ 24-28. She also broadly states that Lynch "purposely and/or negligently misrepresented to Plaintiff the terms and conditions of the Policy." [11-1] ¶ 19. The Court will examine each claim in turn.

To establish a breach of contract claim under Mississippi law, a plaintiff must show (1) "the existence of a valid and binding contract," and (2) "that the defendant has broken, or breached it." *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (citation omitted). "It is a longstanding tenant of agency law," however, "that an agent who discloses its principal cannot be held liable for the contract entered into with the principal." *Chevis v. Miss. Farm Bureau Mut. Ins. Co.*, 76 So. 3d 187, 195 (Miss. Ct. App. 2011) (en banc) (citing *Kelly v. Guess*, 127 So.

274, 276 (Miss. 1929)). Woods does not allege that Lynch was a party to her insurance contract, only that he sold her the policy. *See* [11-1] ¶ 25. Woods recognizes that Lynch was acting as an agent for State Farm. *Id.* ¶ 3. Woods therefore had no possibility of recovery against Lynch in state court at the time of removal as to the breach of contract claim.

A negligent misrepresentation claim has five elements under Mississippi law: "(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the defendant failed to exercise that degree of diligence and expertise the public is entitled to expect of it; (4) that the plaintiff reasonably relied on the defendant's representations; and (5) that the plaintiff suffered damages as a direct and proximate result of his reasonable reliance." *Johnson & Johnson, Inc. v. Fortenberry*, 234 So. 3d 381, 394 (Miss. 2017) (citation omitted). Woods does not provide factual allegations for any one of these elements in her Complaint. She simply states that "[Lynch] purposely and/or negligently misrepresented to Plaintiff the terms and conditions of the policy." [11-1] ¶ 19. Because this is a mere legal conclusion unsupported by any factual allegations, it necessarily fails as a matter of law. *See Ashcroft*, 556 U.S. at 679. Thus, Woods had no possibility of recovery against Lynch in state court at the time of removal as to the negligent misrepresentation claim.

Woods did not have any possibility of recovery against Lynch in state court at the time of removal. The Court therefore finds that Lynch was improperly joined and should be dismissed without prejudice. *See Int'l Energy Ventures Mgmt., L.L.C.*

*v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) (explaining that because the grounds for dismissing an improperly joined party is lack of subject matter jurisdiction, every such dismissal must be without prejudice). Furthermore, because State Farm—the sole remaining defendant—is a citizen of Illinois[2], [1] at 2-3, and Woods is a citizen of Mississippi, [1-1] ¶ 1, the diversity requirement under 28 U.S.C. § 1332 is met.

    C. Amount in Controversy

"[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted). This standard is satisfied if it is "facially apparent" from the complaint that the claims exceed $75,000. *Id.*

Woods's Complaint does not allege a specific amount of damages. But as State Farm points out in its Notice of Removal, Woods estimates the damages to her home to be $238,000. [1] at 21. She also alleges that State Farm's payments totaling $10,079.37 were insufficient. *Id.* The resulting difference of $227,920.63 clearly meets the amount in controversy requirement. So, the Court finds that State Farm has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

[2] For purposes of diversity jurisdiction, the citizenship of a corporation is determined by its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

Because Woods and State Farm are completely diverse and because the amount in controversy exceeds $75,000, the Court holds it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and remand is not appropriate.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Plaintiff's Motion to Remand [11] is DENIED and Lynch's Motion to Dismiss [2] is GRANTED. Lynch's dismissal is WITHOUT PREJUDICE.

The parties must promptly notify the Magistrate Judge of this Order denying remand and shall submit a proposed order lifting the stay. Within fourteen (14) days of entry of the order lifting the stay, the parties shall confer as outlined in L.U.Civ.R. 26(e). A telephonic case management conference shall be scheduled within sixty (60) days of the lifting of the stay.

SO ORDERED AND ADJUDGED this the 28th day of September, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE