# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SARAH N. WOODS**                                                                                     **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:22-cv-327-KHJ-MTP**

**STATE FARM FIRE AND CASUALTY COMPANY**                        **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Compel [109]. On April 14, 2022, Plaintiff Sarah Woods filed this action[1] against Defendant State Farm Fire and Casualty Company asserting breach of contract and bad faith claims arising from Defendant's payment of insurance proceeds after Plaintiff's home was damaged by a windstorm. On November 8, 2022, the Court entered a Case Management Order [28], which, among other things, set a March 21, 2023, deadline for Plaintiff's expert designations. This deadline was later extended to March 31, 2023. *See* Order [38].

On March 31, 2023, Plaintiff designated Joshua Hudgens as an expert, stating:

> Mr. Hudge[n]s is expected to testify that based on his twenty (20) years of experience in construction, and after his examination and inspection of Woods's residence the damage incurred to the residence is due to both the storm and State Farm's refusal to repair the residence in a timely matter. It is Mr. Hudgens's opinion that due to the structural damage and presence of black mold, the residence is unlivable and a total loss. Because discovery is ongoing, Plaintiff reserves the right to supplement this designation and Mr. Hudgen[]'s opinions, when . . . additional information becomes available.

*See* [109-1].

According to Defendant, Plaintiff identified Hudgens as an expert witness in her supplemental expert designation but did not list Hudgens in her second supplemental expert

---

[1] Plaintiff filed this action in the Circuit Court of Lauderdale County, Mississippi, and Defendant removed the action to this Court on June 15, 2022.

1

designation served on September 18, 2023.  Defendant asserts that it sought clarification from Plaintiff on whether she intends to use Hudgens as an expert, with no response.  Defendant also asserts that it is unclear whether Hudgens is a retained or non-retained expert.

Defendant now seeks an order from the Court requiring Plaintiff to satisfy the disclosure requirements of Fed. R. Civ. P. 26(a)(2) or, alternatively, precluding Plaintiff from using Hudgens's testimony as evidence.

In her Response [118], Plaintiff asserts that Hudgens is a non-retained expert designated pursuant to Fed. R. Civ. P. 26(a)(2)(C).  Pursuant to Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."  For a retained expert, "this disclosure must be accompanied by a written report—prepared and signed by the witness...." Fed. R. Civ. P. 26(a)(2)(B).  For a non-retained expert, however, the disclosure need only provide the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff argues that her designation of Hudgens is sufficient and that, even if it is insufficient, the error is harmless.[2]  In its Reply [124], Defendant argues that the designation is deficient, even under the less stringent requirements for a non-retained expert.

---

[2] Plaintiff notes that on November 23, 2022, she served her initial disclosures, which included a May 13, 2022, email from Hudgens to Plaintiff's counsel providing additional details.  The email states:

> Back in September of 2021 [I] had a chance to visit the home of Dr. Sarah Woods for reasons other tha[n] stated below.  It was at this time we spoke about tarps on the roof from storm damage dating back to 2019 that had yet to be resolved & proce[e]ded to only get worse.  I explained to her that in the past 20 years in construction [I]'ve been a part of every stage of building in both commercial & residential construction.  Upon inspection of a few common areas of her house very obvious signs structural damage & black mold were present from it not being

Plaintiff's designation provides the subject matter on which Hudgens is expected to testify.  As Defendant points out, however, the designation is light on facts.[3]  Additionally, the summary of his opinions should provide more detail.  "The purpose of Fed. R. Civ. P. 26(a)(2)(C) is to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Jones v. Lanter Delivery Sys.*, 2016 WL 3265293, at *1 (N.D. Miss. June 14, 2016).  Plaintiff's designation of Hudgens does not fulfill the purpose of Rule 26(a)(2)(C).

Because of this, argues Defendant in its Reply [124], the Court should preclude Plaintiff from offering Hudgens's testimony as evidence.  The Court, however, finds that Defendant's primary request for relief—that the Court require Plaintiff to satisfy the disclosure requirements of Fed. R. Civ. P. 26(a)(2)—is the best course of action.  Moreover, considering the appropriate factors for the exclusion of evidence,[4] the Court finds that exclusion is not warranted.  Defendant

---

repaired after storm damage.  The conditions [I] observed show many issues that should have been addressed urgently after the storm & were not fixed in a timely manner causing further damage to the property.  Several issues of contention from memory would include wood rot, separation of drywall from fixed surfaces caused by structural warping, the presence of black mold, & key points of structural failure.  Before proceeding to[o] much further [I] advised her to get in contact with a local attorney she might trust & find a structural engineer that might be able to give her a final & more indepth opinion of the entire scope of damage to determine if the house could even be salvaged after this long after the storm caused this much damage.  At this point it is highly unlikely that the house can even be deemed livable & in the state [I] witnessed months ago would consider that the house be a total los[s].

*See* [117-1].

[3] Defendant points out that "[t]here are no facts concerning the scope of his involvement with Plaintiff, the work done, when it was done and why he was at the Plaintiff's home." *See* [124] at 3.

[4] To determine whether to exclude evidence, which was not properly or timely disclosed, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the

has been aware that Hudgens observed the damage to Plaintiff's property since initial disclosures were served on November 23, 2022, and Defendant was provided the subject matter of Hudgens's testimony in the expert disclosure served on March 31, 2023. Additionally, Defendant states that it intends to depose Hudgens.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Compel [109] is GRANTED in part and DENIED in part;

2. On or before February 14, 2024, Plaintiff shall serve upon Defendant a supplemental expert disclosure for Joshua Hudgens which fully complies with Fed. R. Civ. P. 26(a)(2); and

3. The Motion [109] is denied to the extent Defendant requests that the Court preclude Plaintiff from using Hudgens's testimony as evidence.

SO ORDERED this the 9th day of February, 2024.

                                      s/Michael T. Parker
                                      UNITED STATES MAGISTRATE JUDGE

---

availability of a continuance to cure such prejudice. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *City of Hattiesburg v. Hercules, Inc.*, 2016 WL 1090610, at *1 (S.D. Miss. Mar. 18, 2016) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).